# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| CHARLES CHRISTIAN LEVY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-096 |
| | ) | |
| A. Haygood, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Proceeding *pro se* and *in forma pauperis*, Plaintiff Charles Christian Levy brought this 42 U.S.C. § 1983 action against a "community supervision officer," and the Department of Community Supervision. *See* doc. 1 at 4. The Court granted Levy's request to pursue his case *in forma pauperis* (IFP), doc. 4, and ordered him to return the necessary forms by June 6, 2024, *id.* at 4-5. Levy then consented to plenary disposition of his case by the undersigned United States magistrate judge. *See* doc. 6. *see also* 28 U.S.C. § 636(c). Levy filed his

1

inmate account statement with the Court on June 10, 2024.[1] However, he never filed his consent to the collection of fees. *See generally*, docket.

As noted in this Court's prior order, doc. 4, under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA), all prisoners, even those who are allowed to proceed IFP, must pay the full filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Prisoner IFP litigants must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to, or average monthly balance in, the prisoner's account for the 6-month period immediately preceding the filing of the Complaint. Prison officials are then required to collect the balance of the filing fee by deducting 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). This payment shall be forwarded to the Clerk of Court "each time the amount in plaintiff's account exceeds $10 until the full filing fees are paid." *Id.* The entire filing fee must be paid even if the suit is dismissed at the outset because it is frivolous, malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief.

---

[1] Pursuant to the "prison mailbox rule," Levy's form is deemed filed on the date he signed it. *See, e.g., Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

Plaintiff was warned that failure to comply with the Court's Order to return the forms would result in a dismissal of his case. Doc. 4 at 5. Although he has not complied with the Court's Order, he does not appear to have abandoned his case. *See, e.g.,* doc. 10 at 5. Therefore, he is **DIRECTED** to show cause as to why his Complaint should not be dismissed, or his case will be dismissed. Assuming he shows cause, he is further directed to file his Consent to Collection of Fees from Trust Account. The Clerk is **DIRECTED** to send to Plaintiff a new copy of the consent form. Plaintiff must comply with the two components of this Order, *i.e.*, to show cause and to sign and return the consent, by no later than July 26, 2024, or his case will be dismissed for failure to prosecute. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

Levy has also filed a Motion seeking "a court order to gain access to extended use of [the] law library." Doc. 7 at 1. As he is proceeding *pro se*, plaintiff has a right to meaningful access to the courts, including some right to legal research material. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977), *abrogated by Lewis v. Casey*, 518 U.S. 343, 354 (1996) (disclaiming language in *Bounds* suggesting "that the State must enable the prisoner . . . to *litigate effectively* once in court."); *Bowens v. Sikes*, 2017 WL 486266

3

at *4 (S.D. Ga. Jan. 4, 2017) (acknowledging prisoners' right to legal research material); *see also Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (deprivation of that right may be actionable where "the prison official's actions which allegedly infringed on an inmate's right of access to the courts [ ] frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim."). The Court, however, cannot order that his access to privileges be increased beyond what the detention facility deems adequate, as such relief is beyond the scope of this lawsuit. Moreover, it is not clear that any of the defendants have any control over Levy's access to the law library and, generally, the Court lacks authority over non-parties.[2] *See, e.g., Jackson v. Baisden*, 2022 WL 610314, at *1 (11th Cir. Feb. 16, 2022). His Motion is, therefore, **DENIED**. Doc. 7.

**SO ORDERED,** this 10th day of July, 2024.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] To the extent Levy's motion seeks injunctive relief, it does not even purport to comply with the procedural requirements for requesting such relief. *See, e.g.,* Fed. R. Civ. P. 65. Therefore, even if the Court had jurisdiction over the non-party prison officials, the Motion would still be defective.